UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD SHORETTE,

      v.                                                  7:04-cv-0538

SCOTT HARRINGTON,

                                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Howard Shorette commenced the instant action pursuant to 42 U.S.C. § 1983 claiming that he was deprived of his Fourth and Fourteenth Amendment rights when Defendant New York State Trooper Scott Harrington entered upon his premises and arrested him. Presently before the Court is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety. Plaintiff has failed to respond.

**I.     FACTS**

The following facts are taken from Defendant's unopposed statement of material facts. See N.D.N.Y.L.R. 7.1(a)(3). These facts are assumed to be true for purposes of the instant motion. Id.

Defendant is a member of the New York State Police. Prior to May 17, 2001, the State Police had received complaints about the unlawful operation of vehicles on Green Road in Colton, New York. Based on these complaints, on May 17, 2001, Defendant

positioned his police car on Green Road approximately one mile from, and facing, Plaintiff's residence. Defendant used binoculars to observe the traffic on Green Road.

At approximately 6:00 p.m., Defendant observed a green motorcycle being operated in front of Plaintiff's property. Approximately ten minutes later, Defendant observed a red motorcycle enter the road from the area of Plaintiff's driveway. Defendant observed both motorcycles drive in an unlawful manner on Green Road.  Defendant activated his emergency lights and proceeded towards Plaintiff's property. Defendant observed both riders signal one another to proceed onto Plaintiff's property. Upon entering Plaintiff's driveway, Defendant briefly lost sight of the red motorcycle. Plaintiff then approached Defendant on a red motorcycle. Defendant inquired about the green motorcycle. Plaintiff denied the existence of a green motorcycle. It was determined that the red motorcycle was not registered with the New York State Department of Motor Vehicles. Defendant looked around Plaintiff's property for the green motorcycle, which he never found.

Defendant handcuffed Plaintiff and placed him into his patrol car while he wrote several traffic summonses. Plaintiff was issued traffic summonses for: (1) operating a vehicle out of class in violation of N.Y. Veh. & Traff. Law § 509(2); (2) failure to keep right in violation of N.Y. Veh. & Traff. Law § 1120(a); (3) operating an unregistered motor vehicle in violation of N.Y. Veh. & Traff. Law § 401(1)(a); (4) operating an uninsured motor vehicle in violation of N.Y. Veh. & Traff. Law § 319; (5) operating a motorcycle without a helmet in violation of N.Y. Veh. & Traff. Law § 381(6); (6) operating an uninspected motor vehicle in violation of N.Y. Veh. & Traff. Law § 306(b); (7) not having a horn in violation of N.Y. Veh. & Traff. Law § 381(1)(a); and (8) operating a motorcycle without a headlight/taillight in violation

of N.Y. Veh. & Traff. Law § 381(1)(a). Plaintiff was issued the summonses and released from custody.

Plaintiff moved the town court to dismiss the summonses. These requests were denied. After trial, Plaintiff was found guilty of two of the charges - operating out of class in violation of N.Y. Veh. & Traff. Law § 509(2) and operating an unregistered motor vehicle in violation of N.Y. Veh. & Traff. Law § 401(1)(a). Plaintiff appealed to County Court. The County Court affirmed the conviction for driving an unregistered vehicle. Although the conviction was affirmed on appeal, the fine imposed upon Plaintiff was never enforced.

Plaintiff then commenced the instant action alleging the denial of his constitutional rights. Defendant now moves to dismiss the Complaint in its entirety pursuant to Fed. R. Civ. P. 56.

## II.     STANDARD OF REVIEW

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the

burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). With this standard in mind, the Court will address Defendant's motion.

### III.    DISCUSSION

To succeed on his false arrest claim, Plaintiff must demonstrate that Defendant acted without probable cause. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Plaintiff's conviction creates a presumption that Defendant acted with probable cause. See Heck v. Humphrey, 512 U.S. 477, 486 n.4 (1994); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986). In opposition to Defendant's motion, Plaintiff has failed to point to any evidence tending to rebut the presumption of probable cause. Even without the benefit of this presumption, Defendant observed Plaintiff unlawfully operate a motorcycle. Thus, Defendant acted with probable cause, or arguable probable, to arrest Plaintiff. Accordingly, Plaintiff's false arrest and false imprisonment claims must be dismissed.

Plaintiff also claims that Defendant violated his Fourth Amendment rights by entering onto his property. "'The route which any visitor to a residence would use is not private in the Fourth Amendment sense. . . .'" U.S. v. Reyes, 283 F.3d 446, 465 (2d Cir. 2002) (quoting 1 WAYNE R. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 2.3(e), at 499 (3d ed.1996) (footnotes omitted)). "'[D]riveways

that are readily accessible to visitors are not entitled to the same degree of Fourth Amendment protection as are the interiors of defendants' houses.'" Reyes, 283 F.3d at 465 (quoting United States v. Reilly, 76 F.3d 1271, 1279 (2d Cir. 1996) (in turn quoting Krause v. Penny, 837 F.2d 595, 597 (2d Cir.1988)).  The Second Circuit has found "no Fourth Amendment violation based on a law enforcement officer's presence on an individual's driveway when that officer was in pursuit of legitimate law enforcement business." Reyes, 283 F.3d at 465 (and cases cited therein).  Moreover, a search warrant is not needed with respect to areas that are open to the public. Washington Square Post No. 1212 American Legion v. Maduro, 907 F.2d 1288, 1291 (2d Cir. 1990).

      Here, Defendant entered upon Plaintiff's driveway and walked around Plaintiff's home to the entrance of his business looking for the green motorcycle.[1]  Defendant searched in the area where the motorcycles were kept by feeling to see if the engines on any green motorcycles were warm.  The areas upon which Defendant entered were held out by Plaintiff as open to the public as a motorcycle repair business.  Plaintiff testified at deposition that the area is "pretty much open all around" and that there was no fence or other device preventing public access to the driveway area.  Based on these facts, the Court finds that there was no Fourth Amendment violation.  Even assuming such a violation, Defendant is entitled to qualified immunity because reasonable officers could disagree whether Plaintiff had a legitimate expectation of privacy in the areas upon which Defendant entered.

---

[1] To enter the business, one must walk around Plaintiff's house.

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.

## IV.   Rule 11

In his Complaint, Plaintiff alleges that "[b]y reason of the illegal arrest of the plaintiff, plaintiff was required to employ legal counsel to secure his exoneration of the charges in the Town of Pierrepont Justice Court.  In this proceeding it was determined that the arrest and imprisonment of plaintiff was without warrant, and without probable cause or other lawful authority."  Compl. at ¶ 20.  The Complaint continues to state that "[a]fter a trial and appeal to the St. Lawrence County Court, all the vehicle and traffic against plaintiff were dismissed."  (sic).  Id. at ¶ 21.

The evidence before the Court is that these statements are false.  Although some of the charges against Plaintiff were dismissed after trial, he was convicted on two of the charges.  Thus, the statement in the Complaint that the town court determined that Plaintiff's arrest and imprisonment was without probable cause and other lawful authority appears to be untrue.  On appeal, one of these charges was affirmed on appeal.  Although the fine imposed upon Plaintiff was never enforced, that does not change the fact that Plaintiff was, in fact, convicted on one charge.  Thus, the statement in the Complaint that all charges against Plaintiff were dismissed after "a trial and appeal" also appears to be untrue.

Attorney Geroge Mehallow represented Plaintiff in the underlying manner and also represents Plaintiff in the instant litigation.  Attorney Mehallow knew, or reasonably should have known, the outcome of the proceedings against Plaintiff.  Attorney Mehallow knew, or reasonably should have known, that, after trial, Plaintiff was convicted on two charges and

that, upon appeal, one of those charges was affirmed. It is, thus, unclear to the Court why Attorney Mehallow filed a Complaint with the factual assertions at paragraphs 20 and 21.

Pursuant to Fed. R. Civ. P. 11(b)(2) and (3), an attorney who presents a document to the Court certifies that "the claims . . . and other legal contentions therein are warranted be existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "the allegations and other factual contentions have evidentiary support." For the reasons stated above, it appears that Attorney Mehallow violated Rule 11(b). Attorney Mehallow is, therefore, Ordered to Show Cause within twenty days of the date of this Decision & Order why he has not violated Rule 11(b) and why he should not be sanctioned for a violation thereof.

## V.     Local Rule 7.1(b)(3)

Pursuant to N.D.N.Y.L.R. 7.1(b)(3), "[a]ny party who does not intend to oppose a motion . . . shall promptly notify the Court and the other parties of such intention. Notice should be provided at the earliest practicable date, but in any event no less than **FOURTEEN CALENDAR DAYS** prior to the schedule return date of the motion, unless for good cause shown. **Failure to comply with this Rule may result in the Court imposing sanctions.**"

Defendant filed his motion for summary judgment on October 21, 2005. The motion was made returnable on November 25, 2005. The docket clearly indicates that a response to the motion was due by November 8, 2005. To date, which is less than fourteen calendar days prior to the scheduled return date of the motion, Plaintiff has neither responded to the motion nor notified the Court of his intention not to oppose the motion. Accordingly, Attorney Mehallow is further Ordered to Show Cause why he has not violated Local Rule 7.1(b)(3) and why he should not be sanctioned for a violation thereof.

**VI.    CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and Plaintiff's Complaint is DISMISSED IN ITS ENTIRETY.  Attorney Mehallow is Ordered to Show Cause within twenty days of the date of this Decision and Order why he has not violated Fed. R. Civ. P. 11(b) and N.D.N.Y.L.R. 7.1(b)(3) and why he should not be sanctioned for any violations of those Rules.

IT IS SO ORDERED.

Dated: November 15, 2005

*[signature: Thomas J. McAvoy]*

Thomas J. McAvoy
Senior, U.S. District Judge