UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD SHORETTE,

        v.                                          7:04-cv-0538

SCOTT HARRINGTON,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Decision and Order dated November 16, 2005, the Court granted Defendant's motion for summary judgment and entered judgment in favor of Defendant. The Court also wrote as follows:

> In his Complaint, Plaintiff alleges that "[b]y reason of the illegal arrest of the plaintiff, plaintiff was required to employ legal counsel to secure his exoneration of the charges in the Town of Pierrepont Justice Court. In this proceeding it was determined that the arrest and imprisonment of plaintiff was without warrant, and without probable cause or other lawful authority." Compl. at ¶ 20. The Complaint continues to state that "[a]fter a trial and appeal to the St. Lawrence County Court, all the vehicle and traffic against plaintiff were dismissed." (sic). Id. at ¶ 21.
>
> The evidence before the Court is that these statements are false. Although some of the charges against Plaintiff were dismissed after trial, he was convicted on two of the charges. Thus, the statement in the Complaint that the town court determined that Plaintiff's arrest and imprisonment was without probable cause and other lawful authority appears to be untrue. . . . [O]ne of these charges was affirmed on appeal. Although the fine imposed upon Plaintiff was never enforced, that does not change the fact that Plaintiff was, in fact, convicted on one charge. Thus, the statement in the Complaint that all charges against Plaintiff were dismissed after "a trial and appeal" also appears to be untrue.

> Attorney George Mehallow represented Plaintiff in the underlying matter and also represents Plaintiff in the instant litigation. Attorney Mehallow knew, or reasonably should have known, the outcome of the proceedings against Plaintiff. Attorney Mehallow knew, or reasonably should have known, that, after trial, Plaintiff was convicted on two charges and that, upon appeal, one of those charges was affirmed. It is, thus, unclear to the Court why Attorney Mehallow filed a Complaint with the factual assertions at paragraphs 20 and 21.
>
> Pursuant to Fed. R. Civ. P. 11(b)(2) and (3), an attorney who presents a document to the Court certifies that "the claims . . . and other legal contentions therein are warranted be existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law," and that "the allegations and other factual contentions have evidentiary support." For the reasons stated above, it appears that Attorney Mehallow violated Rule 11(b). Attorney Mehallow is, therefore, Ordered to Show Cause within twenty days of the date of this Decision & Order why he has not violated Rule 11(b) and why he should not be sanctioned for a violation thereof.[1]

Attorney Mehallow filed his response on December 6, 2005. The entirety of Attorney Mehallow's affirmation in response to the Order to Show Cause is as follows:

> George S. Mehallow, the attorney of record for the above plaintiff makes this affirmation in opposition to the imposition of sanctions by the court.
>
> 1. The failure to file timely response papers to defendants motion was not due to an intention to not oppose the motion but was the result of a improperly maintained calendar.
>
> 2. The attorney has made it plain to the court that it was his intention to file papers and he attempted to do so even after the dismissal pursuant to the Rule 59(e) motion.

Although these statements arguably address the violation of N.D.N.Y.L.R. 7.1(b)(3), Attorney Mehallow failed to address the Court's concern that he raised factual matters in the

---

[1] Attorney Mehallow also was directed to show cause why he should not be sanctioned for violating N.D.N.R.L.R. 7.1(b)(3), relating to the timeliness of his filings.

complaint that appeared to be directly contrary to facts of which he should have been particularly aware.

When considering to impose court initiated sanctions under Rule 11(c)(1)(B), as opposed to Rule 11 sanctions initiated at the behest of a party under Rule 11(c)(1)(A), a finding of bad faith is ordinarily required. In re Pennie & Edmonds LLP, 323 F.3d 86 (2d Cir. 2003). In the instant matter, the Court finds that the following factors amount to bad faith and, therefore, justify the imposition of sanctions:

1. In the underlying town court proceedings, Plaintiff was charged with numerous violations. Several of these violations were dismissed after trial. However, Plaintiff was convicted after trial on two charges. Thus, the statement in the Complaint that "[i]n this proceeding it was determined that the arrest and imprisonment of plaintiff was without warrant, and without probable cause or other lawful authority," Compl. at ¶ 20, is false.

2. One of these two convictions was affirmed on appeal. There is no evidence before this Court of any further proceedings that invalidated that conviction. Thus, the statement in the Complaint that "[a]fter a trial and appeal to the St. Lawrence County Court, all the vehicle and traffic against plaintiff were dismissed," Compl. at ¶ 21, also is false.

3. As noted in the Court's earlier decision, Attorney Mehallow represented Plaintiff in the Town Court proceedings. As such, he should be quite familiar with the results of those proceedings. In other words, he should have actual knowledge of what transpired in those proceedings. At the very least, as Plaintiff's attorney, he is charged with constructive knowledge of his client's case. Despite this knowledge of

>   the outcome of Plaintiff's proceedings in state court, Attorney Mehallow nonetheless prepared a Complaint in this Court containing the false allegations set forth above.

4.  In his memorandum of law in support of summary judgment, Defendant wrote "plaintiff and Mr. Mehallow conceded at plaintiff's deposition that the allegations contained in the instant Complaint and in their Verified Notice of Claim filed with the New York State Court of Claims averring that all charges were dismissed by the County Court upon appeal were false. Shorette Dep. pp. 119-122." Def.'s Mem. of Law at 6,n.6. Notwithstanding this claim by Defendant and the statements at Plaintiff's deposition, Attorney Mehallow made no effort to correct the matter by either amending the Complaint or otherwise substantiating the claims in the Complaint.

5.  Attorney Mehallow was informed of the Court's concern regarding the statements in the Complaint and afforded an opportunity to be heard on the issue. Attorney Mehallow's response fails to address the Court's concerns in any way. Attorney Mehallow did not indicate that there is a factual basis for his assertions, that the statements in the Complaint were the result of a mistake, or otherwise attempt to explain away his actions.

Based on the foregoing, the Court concludes that Attorney Mehallow knowingly presented false facts to the Court. This is sufficient to meet the bad faith standard applicable here.[2] Accordingly, pursuant to Fed. R. Civ. P. 11(b) and 11(c)(2), Attorney George Mehallow is

---

[2] It would further appear that Attorney Mehallow's actions in this case are in violation of 22 N.Y.C.R.R. § 1200.3.

hereby ORDERED to pay $500.00 to the Clerk of the Court as a sanction in this matter. Such payment shall be made within thirty days of the date of this Decision & Order. The Court declines to impose sanctions for the violation of N.D.N.Y.L.R. 7.1(b)(3).

IT IS SO ORDERED.

Dated: December 8, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge